# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD VICTOR MISZLER, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| WILLIAM BRENNAN, | : | JUDGE THOMAS I. VANASKIE |
| | : | NO. 3:CV-04-01756 |
| Defendant | : | |

## **DEFENDANT WILLIAM BRENNAN'S PRE-TRIAL MEMORANDUM**

Date conference was held by counsel:

Counsel for Plaintiff and Defendant will confer in person on September 4, 2007 prior to the deposition of Defendant's expert.

    A.    A brief statement as to Federal Court jurisdiction.

28 U.S.C. § 1331 and 28 U.S.C. 1343(a)(3) and (4) and 42 U.S.C. § 1983 - alleged violation of Plaintiffs 8th Amendment Rights.

    B.    A summary statement of facts and contentions as to liability.

<u>Defendant</u>:
This action involves the alleged failure of Plaintiff, Bernard Victor Miszler, to receive proper medical treatment while he was incarcerated at the Susquehanna County Correctional Facility.

Mr. Miszler, was incarcerated at the Susquehanna County Correctional Facility in August of 2002. He had originally sentenced for 11 months at the Facility for indecent exposure. He was granted work release which allowed him to leave the prison for 12 hours a day and continue working for his employer Alkaz

Construction.  On the day of the accident, he was working in the employ of Alkaz Construction building a log home when a beam fell and knocked him to the ground.  At the time of the accident, the only other person present was the owner of Alkaz Construction, Al Kazmierski.  After the accident, Mr. Kazmierski drove Mr. Miszler to CMC.  Mr. Miszler was admitted and had surgery performed on his leg that day by Dr. Ciavacci.

He was held at CMC until August 27, 2002.  He returned to the Susquehanna County Facility on August 27, 2002.  Miszler returned to the prison for less than two days before being released again on medical furlough.  He was transported from CMC and reached the Susquehanna County Facility at 10:00 A.M. on the August 27, 2002, and remained at the facility until 12:00 P.M. on the August 29, 2002 arriving at his home at 3:00 p.m.

After his release and before returning home he had the prescriptions he received from Dr. Chiavacci filled.  A week after his return home on furlough Miszler attended an appointment with Dr. Chiavacci.  Miszler had three operations to remove infected tissue on his leg.

Plaintiff brought claims against Jeffrey Shoemaker, Chief Probation/Parole Officer of Susquehanna County, Sheri Chapel, Probation/Parol Officer for Susquehanna County, William Brennan, Warden of the Susquehanna County Prison, Charles Aliano, Member of the Prison Board, Lance Benedict, member of the prison board, Robert Calvin Dean, member of the prison board, Gary Marcho, member of the prison board, Lee Smith, member of the prison board  and Susquehanna County.  All but William Brennan were dismissed after the Motion for Summary Judgment was granted in part.

    C.    A comprehensive statement of undisputed facts as agreed to by counsel at the conference of attorneys required by Local Rule 16.3.

<u>Defendant</u>:
None.

    D.    A brief description of damages:

To be supplied by Plaintiff.

E.  Names and addresses of witnesses:

Witnesses for Defendant:

1) Defendant, William Brennan
2) Diane Baron, Correctional Officer, Susquehanna County Correctional Facility
3) Sandra Cordner, Correctional Officer, Susquehanna County Correctional Facility
4) Dr. Thomas DiBenedetto, M.D. (via deposition)

F.  Summary of testimony of each expert:

Defendant:
Dr. Thomas DiBenedetto, M.D., will testify regarding the causation of the injuries received by Mr. Miszler. Specifically, Dr. DiBenedetto will testify that even if Mr. Miszler did not receive antibiotics during his short return to prison after his surgery, that was not the cause of the alleged injuries.

G.  Special comments about pleadings and discovery:

None.

H.  A summary of legal issues involved and legal authorities relied upon.

Defendant:

Plaintiff has made a claim under the Eighth Amendment which prohibits the imposition of "unnecessary and wanton infliction of pain contrary to contemporary standards of decency." Helling v. McKinney, 509 U.S. 25, 32, 113 S. Ct. 2475 (1993).
In order for a Plaintiff, as a prison inmate, to state a claim for denial of medical care under 42 U.S.C. § 1983, two elements must be shown: 1) deliberate indifference on the part of the prison officials to the medical needs of the

prisoner; and 2) the prisoner's medical needs are serious. Little v. Lycoming County, 912 F.Supp. 809 (M.D.Pa. 1996), *aff*. 101 F.3d 691.

In order to demonstrate the existence of deliberate indifference, the first factor for a prima facie case of denial of medical care, it is not enough to simply prove inadvertence or good faith error. Little, *supra*, at 815. Deliberate indifference must be shown by obduracy and wantonness on the part of the prison officials. Id. at 815. In other words, there must be proof that the conduct complained of was deliberate and intentional for a constitutional tort to arise and for a cause of action to be stated under Section 1983. Id. at 815. An inadvertent or negligent failure to provide medical care can not rise to the level of deliberate indifference. Id. at 815.

  I. Stipulations desired.

Use of copy of documents. Genuineness and authenticity of copies of documents without the necessity of calling the records custodian.


  J. Estimated number of trial days.

Two.


  K. Any other matters pertinent to the case to be tried.

None.


  L. Schedule of Exhibits.

To be supplied.


  M. Special Verdict Questions.

To be supplied.

N. Statement of Defense Counsel.

The undersigned certifies that compliance with Local Rule 16.2.

O. Certificate required under Local Rule 30.10.

All issues regarding the use of Dr. Dr. Thomas DiBenedetto, M.D., will be discussed prior to trial.

P.  Nonjury trial findings.

Not applicable.

Respectfully submitted,

KREDER BROOKS HAILSTONE LLP

Dated: 5/23/07

By   /s/ A. James Hailstone
    Michael J. Donohue
    Attorney I.D. #25906
    A. James Hailstone
    Attorney I.D. #80055
    ATTORNEYS FOR DEFENDANTS
    220 Penn Avenue, Suite 200
    Scranton, PA 18503
    (570) 346-7922

# **CERTIFICATE OF SERVICE**

**AND NOW**, this 31st day of January, 2006, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone, LLP, attorneys for Defendants, hereby certify that I have this day served the within Pre-Trial Memorandum by electronic filing to the party or attorney of record as follows:

>Bruce J. Phillips, Esquire
>Wetzel, Caverly, Shea, Phillips & Rodgers
>15 Public Square, Suite 210
>Wilkes-Barre, PA 18701-1785
>bphillips@wcprlaw.com
>Attorney for Plaintiff

                     /s/ A. James Hailstone
                     A. James Hailstone