IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD VICTOR MISZLER, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | JURY TRIAL DEMANDED |
| JEFFREY J. SHOEMAKER, | : | |
| SHERI CHAPEL, | : | |
| WILLIAM BRENNAN, | : | JUDGE THOMAS I. VANASKIE |
| CHARLES J. ALIANO, | : | |
| LANCE BENEDICT, | : | MAGISTRATE JUDGE MANNION |
| ROBERT CALVIN DEAN, | : | |
| GARY MARCHO, LEE SMITH, | : | |
| and SUSQUEHANNA COUNTY, | : | NO. 3:CV-04-01756 |
| Defendants | : | |

**TRIAL BRIEF OF DEFENDANT WILLIAM BRENNAN**

I. **STATEMENT OF FACTS**

Plaintiff, Bernard Victor Miszler, was incarcerated at the Susquehanna County Correctional Facility in August of 2002. He had originally sentenced for 11 months at the Susquehanna County Correctional Facility for indecent exposure. He was granted work release which allowed him to leave the prison for 12 hours a

day and continue working for Alkaz Construction. On the day of the accident, he was working in the employ of Alkaz Construction building a log home when a beam fell and knocked him to the ground. At the time of the accident, the only other person present was the owner of Alkaz Construction, Al Kazmierski. No prison personnel were present at the time of the accident. After the accident, Mr. Kazmierski drove Mr. Miszler to CMC. Mr. Miszler was admitted and had surgery performed on his leg that day by Dr. Ciavacci.

He was held at CMC until August 27, 2002. He returned to the Susquehanna County Facility on August 27, 2002. Miszler returned to the prison for less than two days before being released again. He was transported from CMC and reached the Susquehanna County Facility at 10:00 A.M. on the August 27, 2002, and remained at the facility until 12:00 P.M. on the August 29, 2002 arriving at his home at 3:00 p.m. Miszler does not recall receiving antibiotics while at the prison.

Miszler was furloughed on September 29, 2002 for medical reasons. Before returning home he had the prescriptions he received from Dr. Chiavacci filled. A week after his return home on furlough Miszler attended an appointment with Dr. Chiavacci. Miszler had three operations to remove infected tissue on his leg.

II. ARGUMENT

To state a viable claim under 42 Pa.C.S.A. §1983 a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution of the United States. Cohan v. City of Phila., 736 F.2d 81, 83 (3d Cir. 1984), cert. denied 969 U.S. 919, 105 S.Ct. 434, 83 L.Ed2d 360 (1984). Additionally, defendant's conduct must have a close causal connection to plaintiff's injury for §1983 liability to attach. Martinez v. California, 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980). Negligent conduct is not actionable under §1983. Davidson v. Cannon, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670-71, 88 L.Ed.2d 677 (1986).

Plaintiff has alleged that he was denied adequate medical care while incarcerated at the Susquehanna County Correctional Facility from August 27, 2002 to August 29, 2002. Specifically, Plaintiff alleges that Warden William Brennan purposely or with reckless disregard refused to administer antibiotics for the 48 hours he was incarcerated after his surgery. In order to impose liability for failure to provide adequate medical care to a detainee in a prison facility, plaintiff must establish deliberate indifference to the serious medical needs on the part of

3

the prison officials. Estelle v. Gambol, 429 U.S. 97, 97 S.Ct. 285 (1976). In order for a prison inmate to state a claim for denial of medical care under 42 U.S.C. § 1983, two elements must be shown: 1) deliberate indifference on the part of the prison officials to the medical needs of the prisoner; and 2) the prisoner's medical needs are serious. Little v. Lycoming County, 912 F.Supp. 809 (M.D.Pa. 1996), *aff*. 101 F.3d 691. "A prison official cannot be found liable ... for denying an inmate humane conditions of confinement unless the official knows and disregards an excessive risk of inmate health or safety ... the official must both be aware of the facts from which the inference can be drawn that a substantial risk of harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1984).

Deliberate indifference is more than inadvertence or good faith error; it is characterized by obduracy and wantonness. Wittley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986). Negligence or inadvertent failure to provide care does not establish a constitutional violation. Estelle v. Gambol, 429 U.S. 97, 104-106, 97 S.Ct. 285, 291-292 (1976). With regard to the requirement of deliberate indifference, it is only such deliberate indifference that can violate the plaintiff's constitutional rights. Proof of inadvertent failure to provide adequate medical care or negligent diagnosis simply fail to establish the requisite

4

culpable state of mind. Wilson v. Cider, 501 U.S. 294, 297, 111 S.Ct. 2321-2322, 115 L.Ed.2d 271 (1991).

With regard to claims that prison officials failed to provide adequate treatment to a detainee with a medical vulnerability, plaintiff must prove three elements: (1) the detainee had a particular vulnerability; (2) the correctional officer knew or should have known of that vulnerability; and (3) the officer acted with reckless indifference to the detainee's particular vulnerability. Colburn v. Upper Darby Township, 946 F.2d 1017, 1023 (3d. Cir. 1991). "The concept of a serious medical need has two components, one relating to the consequences of failure to treat and one relating to the obviousness of those consequences. The detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death." Colburn v. Upper Darby Township, 946 F.2d 1017 (3d. Cir. 1991).

Here, there is no indication in the record that Warden Brennan acted with wantonness or obduracy.

Respectfully Submitted,

KREDER BROOKS HAILSTONE LLP

Dated: November 9, 2007

By  /s/ A. James Hailstone
    Michael J. Donohue, Esq.
    Attorney I.D. No. 25906
    A. James Hailstone, Esq
    Attorney I.D. No. 80055
    220 Penn Avenue, Suite 200
    Scranton, PA 18503
    (570) 346-7922

# CERTIFICATE OF SERVICE

**AND NOW**, this 9th day of November, 2007, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone, LLP, attorneys for Defendants, hereby certify that I have this day served the within TRIAL BRIEF by electronic filing to the party or attorney of record as follows:

>Bruce J. Phillips, Esquire
>Wetzel, Caverly, Shea, Phillips & Rodgers
>15 Public Square, Suite 210
>Wilkes-Barre, PA 18701-1785
>bphillips@wcprlaw.com
>Attorney for Plaintiff

      /s/ A. James Hailstone
      A. James Hailstone