IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BERNARD VICTOR MISZLER, | : | |
| Plaintiff | : | |
| | : | CIVIL ACTION |
| vs. | : | |
| | : | |
| WILLIAM BRENNAN, | : | JUDGE THOMAS I. VANASKIE |
| | : | NO.  3:CV-04-01756 |
| Defendant | : | |

## **POINTS FOR CHARGE**

1.      To state a viable claim under 42 Pa.C.S.A. §1983 a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution of the United States.  <u>Cohan v. City of Phila.</u>, 736 F.2d 81, 83 (3d Cir. 1984), cert. denied 969 U.S. 919, 105 S.Ct. 434, 83 L.Ed2d 360 (1984).

1.      To state a viable claim under 42 Pa.C.S.A. §1983 a plaintiff must allege that the conduct complained of was committed by a person acting under color of state law and that said conduct deprived the plaintiff of a right, privilege or immunity secured by the Constitution of the United States.  <u>Cohan v. City of Phila.</u>, 736 F.2d 81, 83 (3d Cir. 1984), cert. denied 969 U.S. 919, 105 S.Ct. 434, 83 L.Ed2d 360 (1984).

   2. A defendant's conduct must have a close causal connection to plaintiff's injury for §1983 liability to attach.  <u>Martinez v. California</u>, 444 U.S. 277, 285, 100 S.Ct. 553, 559, 62 L.Ed.2d 481 (1980).

      3.     Negligent conduct is not actionable under §1983. <u>Davidson v. Cannon</u>, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670-71, 88 L.Ed.2d 677 (1986).

        4.      In order to impose liability for failure to provide adequate medical care to a detainee in a prison facility, plaintiff must establish deliberate indifference to the serious medical needs on the part of the prison officials.  <u>Estelle v. Gambol</u>, 429 U.S. 97, 97 S.Ct. 285 (1976).

      5.    "A prison official cannot be found liable ... for denying an inmate humane conditions of confinement unless the official knows and disregards an excessive risk of inmate health or safety ... the official must both be aware of the facts from which the inference can be drawn that a substantial risk of harm exists and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970 (1984).

      6.     In order for a prison inmate to state a claim for denial of medical care under 42 U.S.C. §1983, facts supporting two elements must be presented: (1) deliberate indifference on the part of the prison official to the medical needs of the prisoner and (2) prisoner's medical needs are serious. <u>Little v. Lycoming County</u> 912 F.Supp. 809 (MD, PA 1996), aff'd 101 F.3d 691.

       7.     Deliberate indifference is more than inadvertence or good faith error; it is characterized by obduracy and wantonness.  <u>Wittley v. Albers</u>, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986).

8. Negligence or inadvertent failure to provide care does not establish a constitutional violation. Estelle v. Gambol, 429 U.S. 97, 104-106, 97 S.Ct. 285, 291-292 (1976).

9. With regard to the requirement of deliberate indifference, it is only such deliberate indifference that can violate the plaintiff's constitutional rights. Proof of inadvertent failure to provide adequate medical care or negligent diagnosis simply fail to establish the requisite culpable state of mind. <u>Wilson v. Cider</u>, 501 U.S. 294, 297, 111 S.Ct. 2321-2322, 115 L.Ed.2d 271 (1991).

10. With regard to claims that prison officials failed to provide adequate treatment to a detainee with a medical vulnerability, plaintiff must prove three elements: (1) the detainee had a particular vulnerability; (2) the correctional officer knew or should have known of that vulnerability; and (3) the officer acted with reckless indifference to the detainee's particular vulnerability. <u>Colburn v. Upper Darby Township</u>, 946 F.2d 1017, 1023 (3d. Cir. 1991).

      11.    "The concept of a serious medical need has two components, one relating to the consequences of failure to treat and one relating to the obviousness of those consequences.  The detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury or death." <u>Colburn v. Upper Darby Township</u>, 946 F.2d 1017 (3d. Cir. 1991)

        Respectfully submitted,

        KREDER BROOKS HAILSTONE LLP


BY: <u>/s/ A. James Hailstone</u>
     A. James Hailstone, Esquire
     Attorney I.D. No.:  80055

220 Penn Avenue, Suite 200
Scranton, PA 18503
(570) 346-7922

## **CERTIFICATE OF SERVICE**

**AND NOW**, this 9th day of November, 2007, A. James Hailstone, a member of the firm of Kreder Brooks Hailstone, LLP, attorneys for Defendants, hereby certify that I have this day served the within POINT FOR CHARGE by electronic filing to the party or attorney of record as follows:

>Bruce J. Phillips, Esquire
>Wetzel, Caverly, Shea, Phillips & Rodgers
>15 Public Square, Suite 210
>Wilkes-Barre, PA 18701-1785
>bphillips@wcprlaw.com
>Attorney for Plaintiff

>   /s/ A. James Hailstone
>  A. James Hailstone